IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CECIL BRADLEY MATHEWS,**

    **Plaintiff,**

vs.                                          Case No. 4:14cv289-WS/CAS

**OFFICER GLASS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 19.  That version of the complaint was reviewed and in a separate order entered this day, Plaintiff was directed to file a second amended complaint to correct several deficiencies.  Review of this case reveals that Plaintiff submitted a motion for a preliminary injunction, doc. 3, at the same time he filed the initial complaint.  This Report and Recommendation addresses that motion.

    Plaintiff contends that he is in fear of further retaliation because he commenced this lawsuit.  Doc. 3 at 1.  Plaintiff contends he will not be able to litigate this case "from

confinement or while being constantly harrassed [sic] by D.O.C. staff." *Id.* at 2. Plaintiff requests that this Court issue an injunction prohibiting any further acts of reprisal. *Id.*

Plaintiff also advises that he had been removed from a "faith based program" and seeks reinstatement in the program. *Id.* at 2. Plaintiff requests reinstatement back into the program at Columbia Correctional Institution Annex "or in the alternative, a transfer to the faith based program at Graceville." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's original complaint, doc. 1, and the amended complaint, doc. 19, have been found insufficient to properly state a claim and Plaintiff has been required to submit a second amended complaint, Plaintiff is unable to meet all four prerequisites for injunctive relief.  The instant motion should be denied because Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Moreover, Plaintiff has not shown irreparable injury.  Plaintiff's complaint in this case presents a First Amendment claim and alleges retaliation by the Defendants. Where judicial relief is available, the injury is not irreparable.  Jefferson County, 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").  Thus, if Plaintiff's fears come to fruition and a prison officials acts in retaliation against Plaintiff because of this lawsuit, Plaintiff would be able to recover at least nominal damages under 42 U.S.C. § 1983.  Because Plaintiff has an adequate remedy at law should fears and threats become reality, there cannot be a finding of irreparable injury.

To the degree Plaintiff contends that he is in "imminent fear of being physically assaulted by staff at [his] current location," no relief is possible through an injunction in this case.  The Defendants currently named in this action are located at Columbia Annex.  Doc. 19 at 2.  Plaintiff is located at Suwannee Correctional Institution Annex. Id.  Persons located with Plaintiff at his present location are not Defendants in this case.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides inter alia: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents,

servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). Prison officials at Suwannee Correctional Institution are not parties in this lawsuit.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 3, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 1, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**